**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                             4:02-CR-00161-WRW

**CARLOS URQUHART**

## ORDER

Pending are Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 45). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008. After reviewing the case, I find that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction. Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. However, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be less than the statutory minimum. In such cases, the defendant is not entitled to a sentence reduction based on the Guideline Amendments[1] -- except in some cases where a defendant previously received a reduction for substantial assistance under either Rule 35 or U.S.S.G. 5K1.1.

---

[1] See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). See also, the application notes to U.S.S.G. § 1B1.10(a) (Supp. March 3, 2008) ("[T]he amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

2

Defendant was sentenced to the statutory mandatory minimum sentence of 120 months on November 24, 2003. Defendant asserts that, based on his calculations, he is entitled to a sentence below the statutory mandatory minimum. However, because Defendant was sentenced to the statutory mandatory minimum, and did not receive a reduction for substantial assistance, he is not entitled to a reduction under the Guideline Amendment.

Accordingly, Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 45) is DENIED.

IT IS SO ORDERED this 26th day of March, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE