**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CARLOS URQUHART**

**V.**                    **4:02-CR-00161-01-WRW
                         4:08-CV-01332-WRW**

**UNITED STATES OF AMERICA**

**ORDER**

Pending is Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. No. 61).

**I.   BACKGROUND**

On August 8, 2003, Petitioner pled guilty to Count 1 of the Superceding Indictment -- distribution of more than 5 grams of cocaine base, a violation fo 21 U.S.C. § 841(a)(1).[1]  On November 24, 2003, Petitioner was sentenced to 120 months in prison,[2] and the Judgment was entered the next day.[3]  Petitioner did not file an appeal with the Eighth Circuit Court of Appeals.

**II.   DISCUSSION**

There is a one-year status of limitations for actions brought under 28 U.S.C. § 2255.[4]  Since Petitioner did not file an appeal with the Eighth Circuit Court of Appeals, his one-year period to file a § 2255 motion began on December 5, 2003,[5] and expired on December 5, 2004.  Petitioner's motion is dated August 11, 2008.[6]

---

[1] Doc. No. 27.

[2] Doc. No. 31.

[3] Doc. No. 32.

[4] 28 U.S.C. § 2255, ¶6.

[5] Unappealed federal criminal judgments become final when the time for filing a direct appeal expires.  See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

[6] Doc. No. 61.

1

2

"Equitable tolling should apply only where the petitioner . . . has demonstrated diligence in pursuing the matter."[7]  Defendant asserts that he only recently became "aware of the fact that he was actually sentenced under 21 U.S.C. § 841(b)(1)(A) rather than under 21 U.S.C. § 841(b)(1)(B) as charged in the indictment."[8]  When Petitioner stipulated to 54 grams of crack in his August 8, 2003 plea agreement,[9] he should have been aware that his sentence would be calculated under 21 U.S.C. § (b)(1)(A), making him subject to a statutory minimum of 120 months.  Accordingly, Defendant's argument is without merit and does not warrant equitable tolling.

## CONCLUSION

Since it was filed after the expiration of the limitations provisions of § 2255, Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. No. 61) is DENIED.

IT IS SO ORDERED this 21st day of August, 2008.

/s/ Wm. R. Wilson, Jr.\
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005).

[8] Doc. No. 61.

[9] Doc. No. 28.